# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **ALLEN HOOD** ) | No. 3:17-bk-33605-SHB |
| ) | **Chapter 7** |
| Debtor. ) | |
| ) | |
| _____) | |
| ) | |
| **ARTHUR R. ROONEY,** ) | |
| **JUST TENNESSEE LTD, and** ) | |
| **ABBACAS HOLDINGS, LTD.,** ) | |
| ) | |
| **Plaintiffs/Creditors,** ) | |
| ) | |
| vs. ) | Adv. Pro. No. _____ |
| ) | |
| **ALLEN HOOD,** ) | |
| ) | |
| ) | |
| **Defendant/Debtor.** ) | |

## COMPLAINT FOR DETERMINATION THAT DEBTS ARE NOT DISCHARGEABLE

Come the plaintiffs, Arthur R. Rooney, Just Tennessee Ltd, and Abbacas Holdings, Ltd. ("Plaintiffs"), creditors and parties in interest, by and through its undersigned counsel and pursuant to Rules 4007, 7001(6) and 7003 of the Federal Rules of Bankruptcy Procedure, and sue the defendant/debtor Allen Hood and for their causes of action state as follows:

### The Parties

1.  The plaintiff Arthur R. Rooney ("Rooney") is a citizen of the United Kingdom with a residence at Oakwood, Appley Lane North, Appley Bridge, Lancashire WN6 9AQ. Rooney is eighty-one-years old. Rooney is an owner, officer, and majority shareholder in the companies, Just Tennessee Ltd, and Abbacas Holdings, Ltd., also plaintiffs herein.

2. The plaintiff Just Tennessee Ltd. ("Just Tennessee") is an active business entity formed and registered in the United Kingdom, whose principal place of business is in the United Kingdom. Rooney established the company Just Tennessee for the purpose of marketing Tennessee properties to citizens of the United Kingdom.

3. The plaintiff Abbacas Holdings, Ltd. ("Abbacas") is an active business entity formed and registered in Antigua and Barbuda, whose principal place of business is United Kingdom. Rooney established the company Abbacas to serve as a holding company for investment property transactions. At all relevant times, Abbacas owned fifty percent (50%) of the stock in Destiny, Inc. ("Destiny, Inc."), a Tennessee corporation.

4. The defendant, Allen Hood ("Defendant" or "Debtor"), is a citizen of the State of Tennessee and a resident of Sevier County, Tennessee. Debtor may be served with process at 431 Thomas Loop Road, Sevierville, Tennessee 37876. At all relevant times, Debtor owned fifty percent (50%) of the stock in Destiny, Inc.

Jurisdiction

5. Debtor filed a voluntary petition in this Court on December 1, 2017, pursuant to Chapter 7 of the Bankruptcy Code. Therefore, this Court has jurisdiction over the subject of this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This adversary proceeding relates to this Chapter 7 bankruptcy case now pending in this Court.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it concerns an objection to the dischargeability of particular debts owed to Plaintiffs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

Factual Allegations

8. Prior to 2005, Rooney was engaged in the business of international marketing of vacation properties to investors, particularly investors living in the United Kingdom and Europe.

9. In approximately 2000, while engaged in business in Florida, Rooney became acquainted with the Debtor.

10. Subsequently, when Rooney decided to establish a business to market vacation properties in Tennessee, he contacted the Debtor. At the time, the Debtor owned and controlled a residential construction business known as Incred-I-Builders ("Contractor"), a Tennessee corporation based in Sevierville, Tennessee. The Debtor also owned a parcel of approximately 10.59 acres known as Summit View (the "Summit View Tract"), in Sevier County, Tennessee.

11. Ultimately, Rooney and the Debtor agreed to begin two joint ventures, one involving the marketing, construction, and sale of vacation homes on the Summit View Tract and the other involving the establishment of a Tennessee corporation which would purchase and own a spacious residential facility in Jefferson County suitable for rental to large groups.

12. The first of these joint ventures, the Summit View project, involved the marketing of lots in the Summit View Tract to investors in the United Kingdom by Rooney and/or Just Tennessee. Through extensive advertising in the United Kingdom, the parties agreed that Rooney would identify investors for the purpose of having them enter into residential sales contacts with Contractor for the construction of cabins on the undeveloped lots in the Summit View Tract. Upon closing of the sale, Rooney and/or Just Tennessee would receive a portion of the purchase price as a commission. In addition, Rooney and/or Just Tennessee would receive commissions for related transactions, such as sales of furniture packs installed after closing.

13. On April 5, 2005, Rooney and/or Just Tennessee entered into a contract with the

Debtor which documented their agreement. Subsequently, on January 7, 2006, the parties amended the Agreement to clarify certain provisions. Copies of the Agreement and the amendment are in the possession of the Debtor.

14. The Debtor and Rooney also went into business together in a joint venture for the purchase of a six thousand six hundred (6,600) square foot house on Douglas Lake in need of significant refurbishment (the "Douglas Lake Project"). The Douglas Lake Project involved the incorporation of a legal entity, which would be jointly owned by the Debtor and Abbacas. That corporation would purchase the real property on which the house was located and would be responsible for the costs of refurbishment. Upon closing and completion, the facility would be rented to large groups for family reunions, retreats, conferences, and other gatherings.

15. To effectuate this business venture, the Debtor took the necessary steps to incorporate Destiny, Inc. as a for-profit corporation under Tennessee law. The Debtor and Abbacas each owned fifty percent (50%) of the stock of Destiny, and the Debtor and Rooney were each officers and directors of the corporation. By virtue of his position as an officer and director of Destiny, the Debtor owed a fiduciary duty to Abbacas and Rooney.

16. On December 15, 2006, Destiny, Inc. purchased the property, consisting of Lot 5 of the Douglas Lake Resort Planned United Development, with an address of 1253 Stetson Lane, Jefferson County. A true and correct copy of the deed of conveyance is attached hereto as Exhibit A and incorporated herein by reference.

17. Subsequent to the purchase of the tract described on Exhibit A, the Debtor began the agreed refurbishment of the house. At the time of completion, the Douglas Lake property was worth approximately $750,000.

18. Beginning in the spring of 2008, the Debtor hatched a fraudulent scheme designed

to transfer ownership of the Douglas Lake property out of Destiny, Inc. and into an entity owned and controlled solely by the Debtor. Without the approval, consent, or knowledge of Rooney, the Debtor set up a limited liability company, which he named Destiny of Tennessee, LLC, and filed a Certificate of Conversion with the State of Tennessee purporting to convert the corporation to a limited liability company. Copies of the Certificate of Conversion and the Articles of Organization, both signed by the Debtor, are attached hereto as collective Exhibit B and incorporated herein by reference.

19. The Debtor took this action without calling a meeting of the Board of Directors of Destiny, Inc., without obtaining approval of the Board on written consent, without notifying Rooney of the action, and without complying with any of the requirements imposed by Tennessee law.

20. Having illegally converted Destiny, Inc. to Destiny of Tennessee, LLC, the Debtor proceeded to transfer the Douglas Lake property from that entity to a South Dakota Limited Partnership in which neither Abbacas nor Rooney had an interest. A copy of the deed of conveyance is attached hereto as Exhibit C and incorporated herein by reference. The Debtor took this action without the approval, consent, or knowledge of Rooney and solely for the financial benefit of the Debtor.

21. This act of flagrant self-dealing violated the Debtor's fiduciary duty to Abbacas and Rooney as well as his duty to the Destiny, Inc.

22. Subsequent to the deceitful conveyance of the Douglas Lake property to the South Dakota limited partnership, which the Debtor named Lake Casa Limited Partnership ("Lake Casa LP"), the Debtor rented the Douglas Lake Property to groups and individuals. Upon information and belief, such rentals of the Douglas Lake property likely generated income apparently

received by the Debtor of more than Fifty Thousand Dollars ($50,000) annually; indeed, the Debtor apparently received rental income from the Douglas Lake property in a single year for a total of approximately Eighty-eight Thousand Dollars ($88,000). The Debtor received, used, and converted the sum of the proceeds from rentals without notifying Rooney or Abbacas that the Douglas Lake property was being rented. During this period, the Debtor deceived Rooney into believing that the property was still in the possession of Destiny Inc.

23. During the time that the Debtor was perpetrating the scheme to transfer ownership of the Douglas Lake property to Lake Casa, LP, the Debtor perpetrated a fraudulent scheme regarding the Summit View Tract.

24. This scheme involved the conversion of the proceeds from the sale of cabins in the Summit View Tract through the use of falsified deal sheets and other documents. In addition, the Debtor misrepresented how proceeds were being used, including but not limited to false representations about construction costs for the infrastructure and cabins in the Summit View Tract and refurbishment costs for the Douglas Lake Project.

25. At the time, Rooney was seriously ill and unable to leave the United Kingdom to investigate the status of the Douglas Lake Project or the construction of cabins on the Summit View Tract. The Debtor took advantage of Mr. Rooney's age and sickness in perpetrating the fraud upon him.

### Causes of Action

26. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraph one (1) through paragraph twenty-five (25) above.

27. Plaintiffs are creditors of the Debtor as a result of the fraudulent schemes described above.

28. Based upon the information available to Plaintiffs, the Debtor is indebted to Plaintiffs in the amount of approximately Two Million Dollars ($2,000,000), exclusive of punitive damages. Plaintiffs seek a judgment against the Debtor for this amount, or such amount as the proof will show.

29. Plaintiffs are entitled to a declaration that the entire debt owed by the Debtor is excepted from discharge pursuant to the provisions of 11 U.S.C. § 523. To the extent that Abbacas and Rooney obtained a judgment in the Chancery Court for Jefferson County, Tennessee, these Plaintiffs seek a determination that this debt is non-dischargeable.

30. The Debtor engaged in a fraudulent scheme involving false pretenses, false representations, and actual fraud.

31. The Debtor engaged in fraud or defalcation while acting in a fiduciary capacity and embezzled funds that were due and owing to Plaintiffs.

32. The Debtor converted the proceeds of cabin sales to his own use and benefit in violation of the duty to Plaintiffs.

33. As a result of the foregoing, Plaintiffs' claims against the Debtor are non-dischargeable under 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4), or 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs pray for the following:

    a. That the Clerk accept and file this Complaint;

    b. That a summons be issued to Allen Hood requiring him to appear and answer the claims made herein;

    c. That a judgment be entered for Plaintiffs for all damages owed by virtue of

Defendant's fraudulent conduct;

  d. That a judgment be entered for Plaintiffs declaring that the entire debt owed by Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4), or 11 U.S.C. § 523(a)(6);

  e. That the Court award Plaintiffs punitive damages in the amount of Two Million Dollars ($2,000,000); and

  f. That the Court grant such other and further relief as this Court deems just and proper.

  Respectfully submitted this 9th day of March, 2018.

      Respectfully submitted,

      By /s/ Michael S. Kelley
        E. Richards Brabham (BPR # 022030)
        Michael S. Kelley (BPR#014378)
        KENNERLY, MONTGOMERY & FINLEY, P.C.
        P. O. Box 442
        Knoxville, TN 37901-0442
        mkelley@kmfpc.com
        rbrabham@kmfpc.com
        (865) 546-7311

        *Attorneys for Arthur Rooney,*
        *Just Tennessee, Ltd., and*
        *Abbacus Holdings Ltd.*