IN THE CHANCERY COURT FOR JEFFERSON COUNTY,
AT DANDRIDGE, TENNESSEE

**THE DOUGLAS LAKE RESORT
OWNER'S ASSOCIATION, INC.**

**Plaintiff**

VS.                                                                 CASE NUMBER 12-CV-117

**DESTINY OF TENNESSEE, LLC f/k/a
DESTINY, INC., LAKE CASA LIMITED
PARTNERSHIP, ABBACUS [SIC] HOLDINGS,
LTD, ET AL**

**Defendants**

---

**FINAL DECREE ON SPECIAL MASTER REPORT**

---

**THIS MATTER** coming on to be further ~~and finally~~ heard, the 4th day of January, 2017, before the Honorable Telford E. Forgety, Jr., Chancellor, in the Chancery Court, Blount County, Tennessee, upon the whole record in the cause, and on the report of the Master, filed November 4, 2016 (attached), and upon exceptions filed by Third Party Plaintiff, Abbacas Holdings, Ltd., and upon argument of counsel, on consideration of all of which it is;

**ORDERED JUDGED AND DECREED**, that said exceptions and objections be overruled and disallowed, and said report confirmed, and that the Third Party and Cross Defendants, Allen Hood and Lake Casa Limited Partnership, are justly indebted to the Third Party/Cross Plaintiff, Abbacas Holdings, Ltd., pursuant to the Report; and

1

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above and the Report shall be the orders of the Court; and

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the costs of this matter shall be adjudged with the resolution of the Receivership proceeding.

This the 24 day of Feb., 2017.

ENTER: _____
Honorable Telford E. Forgety, Jr., Chancellor

**APPROVED FOR ENTRY:**

**DOUGLAS E. TAYLOR**

_____
Douglas E. Taylor, BPR #018247
Attorney for Plaintiff

**THE LAW OFFICES OF**
**DOUGLAS E. TAYLOR, P.C.**
P. O. Box 187
Seymour, Tennessee 37862
(865) 308-2409

_____        g. Michael Winchester w. per.
James Ripley, Receiver                                J. Michael Winchester
                                                     Attorney for HOA

_____
Gregory Logue, Attorney for Receiver

ENTERED February 24, 2017
Minute Book 164, Page 383-389
_____
Nancy C. Humbard
Clerk & Master

STATE OF TENNESSEE
COUNTY OF JEFFERSON
I, Nancy C. Humbard, Clerk and Master, Chancery Court forsaid County certify the foregoing Final Decree is a true and perfect copy, as entered or recorded in my office in Dandridge, Tennessee.
Book No. 164    Page 383-389    Cause No. 12-CV-112
Witness my hand and official seal at office in Dandridge, Tennessee.
This ___ day of Oct, 2019
_____
Nancy C. Humbard, Clerk and Master

2

## CERTIFICATE OF SERVICE

I, **Douglas E. Taylor**, hereby certify that a true and exact copy of the foregoing pleading has been forwarded to:

> Destiny, Inc. et al,
> Allen Hood and
> Lake Casa Limited Partnership
> 431 Thomas Loop Road
> Sevierville, Tennessee 37876

This the 24th day of February, 2017.

Douglas E. Taylor
Attorney for Defendant/Cross And Third Party
Plaintiff, Abbacas Holdings, Ltd.

IN THE CHANCERY COURT FOR JEFFERSON COUNTY
AT DANDRIDGE, TENNESSEE

THE DOUGLAS LAKE RESORT
OWNERS ASSOCIATION INC,

    PLAINTIFF

V.

DESTINY OF TENNESSEE. LLC f/k/a
DESTINY ,INC., LAKE CASA LIMITED
PARTNERSHIP, ABBACUS Holdings LTD
et.al

    CROSS DEFENDANTS

V

ALLEN HOOD

    THIRD PARTY DEFENDANT

12-cv-117

NOV -4 2016

11:40 A

## REPORT OF SPECIAL MASTER

The undersigned having been appointed special master and having conducted a hearing on August 16, 2016 does hereby submit the following report.

A. <u>Preliminary fact.</u> At the hearing conducted on the above date the Defendant Allen Hood appeared pro se and did make an oral motion to continue the hearing based on his lack of counsel. The master having been ordered to conduct the hearing overruled Mr Hoods continuance request.

B. <u>Issues.</u> The court has been directed to report on issues between the Third Party Plaintiff Destiny In., et.al and the defendant Allen Hood. The issues between them primarily relate to the claim of Destiny Inc. that it still owed a substantial sum of sales commissions. Additional Destiny Inc. Is seeking the return of its share of the Stetson house.

C. <u>Proof.</u>

    James Ripley Esq. The Plaintiff called attorney James Ripley as a witness. Mr Ripley was appointed as a receiver for property involved in the case in July, 2014.He is still the receiver.

1

Inc. Is seeking the return of its share of the Stetson house.

C. Proof.

James Ripley Esq. The Plaintiff called attorney James Ripley as a witness. Mr Ripley was appointed as a receiver for property involved in the case in July, 2014. He is still the receiver.

Mr Ripley testified about his efforts in trying to maintain the property including electrical and plumbing problems. Ripley had money problems. He imposed a special assessment against the owners of the property. The assessment was $10,000 against each owner. He testified that the Rooneys(Later identified) than paid eleven Thousand Dollars in an attempt to stabilize the property. Allen Hood did not pay anything.

Mr Ripley further stated that the Rooneys paid past due taxes on the property to prevent a sale at a tax sale already scheduled.

Mr Ripley is of the opinion that the property should be sole rather than operated as a rental property. He states the HVAC system has to b replaced. There is also the queston of homeowners due in the multi thousand of dollars range. He also mentioned some worry about the nearness of the lake to the rear of the house as it pertains to children. His testimony is a valuable picture of the current state of the property.

Arthur Redvrs Rooney.

Mr Rooney testified that he is a resident of England, He is however somewhat of a world traveler having lived in the Adrican Caribbean.

He is the sole owner of Abbacas Holdings Limited. In He and his son John Rooney owned Just Florida Limited. This company was involve in marketing Florida property to residents of England and Ireland. Allen hood and Arthur Rooney met and became friends. On April 5, 2005

2

Allen Hood and a company named Just Tennessee LTD enter an agreement under which Just Tennessee Ltd would market lots located in Tennessee to the residents of England. The lots were sold for a total sales price of $12.484,062. Mr Rooney while being paid some commissions testified he did not receive commissions to which he was entitled in the amount of $1,747,725. He is seeking this amount less adjustments from Allen Hood.

One of the houses built was a multi story house known as the lake house. Another agreement reached between Arthur and Hood was to furnish the lake house for the sum of $120,344 of which one half was to be paid by Arthur by deduction from commissions due to him and the other half by Hood. Hood was to obtain and furnish copies of invoices to Arthur but they never materialized.

There have been some problems with the actual construction of some f the houses. Also some problems with water availability and electoral installation.

Arthur and Hood formed a company named Destiny Inc. For the sole purpose of ownership of the lake house. Arthur and Hood each owned a 50% in the lake house. Arthur testified that his ownership interest and his part of the furnishings was to be paid by deductions of commissions due.

As time went by other developments occurred. Arthur learned that the title to the lake house had been transferred without his knowledge or consent to a entity named Lake Casa Ltd. At this time Arthur still owned a 50% interest in the lake house. The property was than transferred again to Hood and a friend. In earlier proceedings in this case the court ordered the lake house returned to Destiny Inc. where it remains today.

Allen Hood.

Mr Hood participated in the trial to some extent. However the master was not impressed With the majority of his testimony. He did not have a believable reason why land was transferred

3

without the co-owners knowledge or consent. He did not have a reason as to why no documentation was available on $60,000 worth of furniture and other furnishings. He kept evading questions concerning commissions paid or unpaid by constant references ro documents either not in the courtroom or the record. I therefore did not give much weight to his testimony.

D. Conclusion. The master concludes that Abbacus Holdings is now in a protected status with the return of the lake house to the original owners.

The master further finds that ABBACUS Holdings Ltd [Destiny Of Tennessee LLC struck through] is entitled to recover the sum of $1,747,725 for unpaid commissions less $120,000 for the purchase of the lake house and the furniture for a total recovery of $1,627,725.

JHF

John H. Fowler
Special Master
7700 Gleason Road, Apt 8B
Knoxville, Tn 37919
680-2046

Certificate of service

The undersigned hereby certifies he delivered a copy of the above report to Doug Taylor and mailed a copy to Allen Hood on November 4, 2016 and hand delivered a copy to James Ridley and Gary Hogue

4