## IN THE CHANCERY COURT FOR JEFFERSON COUNTY, TENNESSEE

| | |
|---|---|
| THE DOUGLAS LAKE RESORT OWNER'S ASSOCIATION, INCORPORATED, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 12-CV-117 |
| DESTINY OF TENNESSEE, LLC f/k/a DESTINY, INC., LAKE CASA LIMITED PARTNERSHIP, ABBACUS HOLDINGS, LTD, DONALD PARKHURST and wife, SHARON PARKHURST; EQUIFIRST CORPORATION, and DPIC, INC. a/k/a DPIC CO., INC., ) ) ) ) ) ) ) ) ) | Notice of Entry Requested |
| Defendants. ) | |

### AGREED ORDER OF JUDGMENT AGAINST DEFENDANTS DONALD PARKHURST, SHARON PARKHURST, AND DPIC, INC. a/k/a DPIC CO., INC.

It has been brought to the attention of the Court, through counsel for Plaintiff, The Douglas Lake Resort Owners Association, Incorporated ("Association"), and Defendants Donald Parkhurst, Sharon Parkhurst, and DPIC, Inc. a/k/a DPIC Co., Inc. ("Parkhurst Defendants"), that the Parkhurst Defendants acknowledge they owe, but have failed to pay, the Association certain annual and special assessments duly payable pursuant to the terms of the Douglas Lake Resort PUD Documents recorded in Book M355, Page 6, in the Sevier County Register of Deeds Office on May 6, 1999 ("the PUD Documents"). The Parkhurst Defendants stipulate that the Association holds a valid lien against property located at 1224 Stetson Lane, Douglas Lake Resort, New Lot No. 117, in Jefferson County, Tennessee (the "Property"), described more particularly as follows:

> SITUATED in the Eighth (8th) Civil District of Jefferson County, Tennessee, and being all of Lot 117, as shown on the Final Plat of the

ReSubdivision of Douglas Lake Resort, recorded in Plat Cabinet M, Slides 339 through 346, in the Register's Office for Jefferson County, Tennessee, as confirmed by Final Decree Quieting Title and Reforming The Douglas Lake Resort recorded on June 30, 2011 in Book 1086, page 157, as amended in Book 1095, at page 282, in the Register's Office for Jefferson County, Tennessee, to which instruments specific reference is hereby made for a more particular description.

BEING part of that property vested in DPIC Co. Inc., pursuant to Final Decree Quieting Title and Reforming The Douglas Lake Resort, entered in the Chancery Courts for Jefferson and Sevier Counties for the Fourth Judicial District of Tennessee, bearing Jefferson Co. Case No. 10-2-012, and Sevier Co. Case No. 10-2-20, and recorded in Book 1086, page 157, as amended in Book 1095, page 282, in the Register's Office for Jefferson County, Tennessee.

The Parkhurst Defendants further acknowledge the right of the Association to foreclose the lien against the Property described herein as recorded in the Register's Office for Jefferson County, Tennessee, on June 7, 2007. The Parkhurst Defendants also acknowledge that the Association obtained a valid and enforceable Default Judgment against Donald and Sharon Parkhurst on December 11, 2009, as well as an Order on Writ of Entry entered January 29, 2010, awarding the Association $55,751.05, plus post-judgment interest at the maximum legal rate and attorney's fees (the Default Judgment and Order on Writ of Entry are hereinafter referred to collectively as the "Default Judgment"). The lien and the Default Judgment are of record in the Jefferson County Register of Deeds as follows:

Notice of Lien for Assessments at Book 878, Page 333;
Order on Writ of Inquiry at Book 1024, Page 154.

The parties have agreed that the current amount owed to the Association by Donald and Sharon Parkhurst on the Default Judgment is $56,251.05, which includes attorney's fees in the amount of $500.00.

Defendant DPIC, Inc. a/k/a DPIC Co., Inc. ("DPIC"), current owner of the property at issue, acknowledges that it was served with a copy of the Complaint on May 24, 2012, that it has

2

a continuing obligation to pay annual assessments that may accrue *after* entry of this Default Judgment, and that the Association has the right to collect from DPIC such assessments, along with associated fees and costs. DPIC further acknowledges and agrees that the Association has the right to assert a continuing lien against the property in accordance with the terms set forth in the PUD Documents and in accordance with the terms of this Judgment, said right to include foreclosure as specified herein.

The Parkhurst Defendants also acknowledge the existence of a lien asserted by EquiFirst Corporation, in the original amount of $500,000.00, dated October 6, 2006, and recorded in Book 830, page 323, in the Register's Office for Jefferson County, Tennessee. EquiFirst Corporation was served with a copy of the Complaint in this matter on May 21, 2012, but has not entered an appearance before the Court.

The Court has reviewed the record and determined that Donald Parkhurst and Sharon Parkhurst were served with process on or about May 24, 2012, and thereafter filed an Answer to the Complaint and asserted a Counterclaim, which they now desire to dismiss with prejudice as evidenced by the Notice of Nonsuit previously filed in this cause. Based upon the Complaint and Defendants' Notice of Nonsuit filed in this matter, as well as the announcements and statements of legal counsel, it appears that the current amount owed to the Association by Donald and Sharon Parkhurst on the Default Judgment is $56,251.05, that the Association is entitled to Judgment against Defendant DPIC, Inc. a/k/a DPIC Co., Inc. ("DPIC") for past due assessments accrued on the Property since January 29, 2010, plus fees and costs in the amount of $6,396.26, and that the Association is entitled to the enforcement of its lien on the Property. Accordingly, it is

3

**ORDERED, ADJUDGED and DECREED** that Plaintiff, THE DOUGLAS LAKE RESORT OWNERS ASSOCIATION, INCORPORATED, have and recover judgment against DPIC, INC. a/k/a DPIC CO., INC., in the total amount of $6,396.26 for past due assessments accrued on the Property since January 29, 2010, plus fees and costs.

The Court hereby dismisses the Parkhurst Defendants' Counterclaim with prejudice and finds that the current amount owed to the Association by Donald and Sharon Parkhurst on the Default Judgment is $56,251.05.

Accordingly, the Clerk & Master of the Jefferson County Chancery Court is hereby directed to sell the real estate identified as Lot 117 in Douglas Lake Resort, 1224 Stetson Way, in Jefferson County, Tennessee, as more particularly described herein, pursuant to T.C.A. §§ 26-4-102 and 35-5-110, subject to confirmation and free and clear of the right and equity of redemption of DPIC, Inc. and/or DPIC Co., Inc. in accordance with T.C.A. § 66-8-101, et seq., and to apply the proceeds thereof first to the costs, fees and expenses due to the Clerk & Master for the sale of said real estate, then to any taxes due and owing to Jefferson County on said real estate, then to the liens of any holders of encumbrances in such valid amounts and in the order of priority as appear of record or as otherwise established by law, including the lien of the Association.

The Court has further determined that there is no just reason to delay entry of Final Judgment as to these Defendants. Therefore, pursuant to Tenn.R.Civ.P. 54.02, the Court hereby directs entry of FINAL JUDGMENT as to Defendants DONALD PARKHURST, SHARON PARKHURST, and DPIC, INC. a/k/a DPIC CO., INC., only.

Costs to be reserved pending further orders of the Court.

**ENTER** this ___1___ day of ___May___, 2013.

_____
Chancellor

**APPROVED FOR ENTRY:**

_____
Melinda Meador, BPR #010058
J. Michael Winchester, BPR #006049
Winchester, Sellers, Foster & Steele, P.C.
Suite 1000, First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929
Phone: (865) 637-1980
*Attorneys for Plaintiff*

_____
Kevin C. Stevens, BPR #023035    *By permission*
Jonathan H. Peyton, BPR #025051
Kennerly, Montgomery & Finley, P.C.
4th Floor, Bank of America Center
550 Main Street
Knoxville, TN 37902
Phone: (865) 546-7311
*Attorneys for Defendants Donald Parkhurst,
Sharon Parkhurst, and DPIC, Inc.*

ENTERED May 2, 2013
Minute Book 152 Page 229-233
Nancy C. Humbard
Clerk & Master

STATE OF TENNESSEE
COUNTY OF JEFFERSON
I, Nancy C. Humbard, Clerk and Master, Chancery Court for said County certify the foregoing Order is a true and perfect copy, as entered on record in my office, Minute Book No. 152, Page 229-233, Cause No. 12-CV-117.
Witness my hand and official seal of office in Dandridge, Tennessee, this 10 day of Oct, 2019.
Nancy C. Humbard, Clerk and Master

5