THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re:<br><br>ALLEN HOOD<br><br>Debtor.<br><br>_____<br><br>ARTHUR R. ROONEY,<br>JUST TENNESSEE, LTD., and<br>ABBACAS HOLDINGS, LTD.,<br><br>Plaintiffs/Creditors,<br><br>vs.<br><br>ALLEN HOOD,<br><br>Defendant/Debtor. | No. 3:17-bk-33605-SHB<br>Chapter 7<br><br><br><br><br><br><br><br><br>Adv. Pro. No. 3:18-ap-03008-SHB |

## DECLARATION OF ARTHUR R. ROONEY

Comes the declarant, ARTHUR R. ROONEY, who states as follows based upon personal knowledge:

1.   I am Arthur R. Rooney, one of the plaintiffs in this adversary proceeding. I am over the age of eighteen (18), of sound mind, and have personal knowledge of the matters set forth herein. I am a citizen of the United Kingdom and live in Appley Bridge, Lancashire, England. I have reviewed the affidavit of the defendant/debtor Allen Hood ("Hood"), which was filed in this adversary proceedings as Doc. No. 28-2. In addition, I attended Hood's deposition, which was taken on July 30, 2019, in Knoxville, Tennessee. I also gave a deposition in Knoxville on that same day.

2.  I am the owner, officer, and majority shareholder of Abbacas Holdings, Ltd. ("Abbacus") and Just Tennessee, Ltd. ("Just Tennessee"), the other plaintiffs in this adversary proceeding. I have been the owner, officer, and majority shareholder of these companies since they were first established. Hood is not and never has been an owner, officer, or member of these companies.

3.  This dispute grows out of a series of business relationships between Hood and me and my companies, Abbacus and Just Tennessee. As detailed in the Complaint and as explained in my deposition, Hood perpetrated a scheme upon me and my companies which resulted in a judgment for Abbacus against Hood in the Jefferson County Chancery Court (the "State Court Case") in the amount of $1,627,725 (the "Judgment"). The Judgment was entered by Chancellor Telford Forgety in the State Court Case based upon the report of a special master, John Fowler. A true and correct copy of the Judgment, with the findings and decision of the special master, is attached hereto as Exhibit A.

4.  I testified in the State Court Case at the trial conducted by the special master. In addition, I filed an affidavit, which is attached hereto as Exhibit B. All of the statements I made in that affidavit are true and correct.

5.  The State Court Case involved, in part, Hood's use of a scheme to transfer ownership of a improved piece of property in Jefferson County, which we called the "Lake House," from a Tennessee corporation in which Abbacus was a 50% shareholder to a South Dakota limited partnership in which Abbacus had no interest. As stated in Exhibit B, this scheme was perpetrated without my approval, knowledge, or consent. Hood's statement to the contrary in his affidavit (paragraph 19) is false. I was never consulted about changing the corporation, known as Destiny, Inc., into a limited liability company named Destiny of Tennessee, LLC. Further, I was never

consulted about setting up the South Dakota limited partnership, known as Lake Casa, LLC, or about transferring the "Lake House" from Destiny, Inc. to Lake Casa, LLC. This was all done by Hood without my approval, knowledge, or consent.

6. As explained in my affidavit in the State Court Case, Hood also entered into a contract with me, "or other parties designated" by me, related to the marketing and sale of lots and homes in Sevier County, Tennessee. Abbacus is the other party that I designated.

7. Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NOT.

ARTHUR R. ROONEY

Executed on the 29 of October, 2019.

# IN THE CHANCERY COURT FOR JEFFERSON COUNTY, AT DANDRIDGE, TENNESSEE

**THE DOUGLAS LAKE RESORT OWNER'S ASSOCIATION, INC.**

    **Plaintiff**

VS.                                              **CASE NUMBER 12-CV-117**

**DESTINY OF TENNESSEE, LLC f/k/a DESTINY, INC., LAKE CASA LIMITED PARTNERSHIP, ABBACUS [SIC] HOLDINGS, LTD, ET AL**

    **Defendants**

---

## FINAL DECREE ON SPECIAL MASTER REPORT

---

**THIS MATTER** coming on to be further ~~and finally~~ heard, the 4th day of January, 2017, before the Honorable Telford E. Forgety, Jr., Chancellor, in the Chancery Court, Blount County, Tennessee, upon the whole record in the cause, and on the report of the Master, filed November 4, 2016 (attached), and upon exceptions filed by Third Party Plaintiff, Abbacas Holdings, Ltd., and upon argument of counsel, on consideration of all of which it is;

**ORDERED JUDGED AND DECREED**, that said exceptions and objections be overruled and disallowed, and said report confirmed, and that the Third Party and Cross Defendants, Allen Hood and Lake Casa Limited Partnership, are justly indebted to the Third Party/Cross Plaintiff, Abbacas Holdings, Ltd., pursuant to the Report; and



1

Case 3:18-ap-03008-SHB    Doc 34    Filed 11/08/19    Entered 11/08/19 17:05:34    Desc
Main Document    Page 5 of 19

Case 3:18-ap-03008-SHB    Doc 28-1    Filed 10/16/19    Entered 10/16/19 13:49:52    Desc
Exhibit 1 Final Decree Jefferson County    Page 2 of 7

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the above and the Report shall be the orders of the Court; and

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the costs of this matter shall be adjudged with the resolution of the Receivership proceeding.

This the _24_ day of _Feb._, 2017.

ENTER: _/s/ Telford E. Forgety, Jr._
Honorable Telford E. Forgety, Jr., Chancellor

**APPROVED FOR ENTRY:**

*DOUGLAS E. TAYLOR*

_/s/ Douglas E. Taylor_
Douglas E. Taylor, BPR #018247
Attorney for Plaintiff

*THE LAW OFFICES OF*
*DOUGLAS E. TAYLOR, P.C.*
P. O. Box 187
Seymour, Tennessee 37862
(865) 308-2409

_/s/ James Ripley_
James Ripley, Receiver

_/s/ Gregory Logue_
Gregory Logue, Attorney for Receiver

_/s/ J. Michael Winchester w/ pm_
J. Michael Winchester
Attorney for HOA

ENTERED _February 24, 2017_
Minute Book _164_, Page _383-389_
_/s/ Nancy C. Humbard_
Clerk & Master

STATE OF TENNESSEE
COUNTY OF JEFFERSON
I, Nancy C. Humbard, Clerk & Master of the Chancery Court for said County, certify the foregoing _Final Decree_ to be a true and perfect copy as entered on _164_ Minute Book, Page _383-389_ in case no. _12-CV-112_.
Witness my hand at office in Dandridge, Tennessee, this ___ day of _Oct_, 20_19_.
_/s/ Nancy C. Humbard_
Clerk and Master

2

Case 3:18-ap-03008-SHB   Doc 34   Filed 11/08/19   Entered 11/08/19 17:05:34   Desc
Main Document    Page 6 of 19

.Case 3:18-ap-03008-SHB   Doc 28-1   Filed 10/16/19   Entered 10/16/19 13:49:52   Desc
Exhibit 1 Final Decree Jefferson County   Page 3 of 7

## CERTIFICATE OF SERVICE

I, **Douglas E. Taylor**, hereby certify that a true and exact copy of the foregoing pleading has been forwarded to:

        Destiny, Inc. et al,
        Allen Hood and
        Lake Casa Limited Partnership
        431 Thomas Loop Road
        Sevierville, Tennessee 37876

This the _24th_ day of February, 2017.

        _/s/ Douglas E. Taylor_
        Douglas E. Taylor
        Attorney for Defendant/Cross And Third Party
        Plaintiff, Abbacas Holdings, Ltd.

IN THE CHANCERY COURT FOR JEFFERSON COUNTY
AT DANDRIDGE, TENNESSEE

THE DOUGLAS LAKE RESORT
OWNERS ASSOCIATION INC,

PLAINTIFF

V.

DESTINY OF TENNESSEE. LLC f/k/a
DESTINY ,INC., LAKE CASA LIMITED
PARTNERSHIP, ABBACUS Holdings LTD
et.al

12-cv-117

CROSS DEFENDANTS

V

NOV -4 2016

ALLEN HOOD

11:40 A.

THIRD PARTY DEFENDANT

REPORT OF SPECIAL MASTER

The undersigned having been appointed special master and having conducted a hearing on August 16, 2016 does hereby submit the following report.

A. Preliminary fact. At the hearing conducted on the above date the Defendant Allen Hood appeared pro se and did make an oral motion to continue the hearing based on his lack of counsel. The master having been ordered to conduct the hearing overruled Mr Hoods continuance request.

B. Issues. The court has been directed to report on issues between the Third Party Plaintiff Destiny In., et.al and the defendant Allen Hood. The issues between them primarily relate to the claim of Destiny Inc. that it still owed a substantial sum of sales commissions. Additional Destiny Inc. Is seeking the return of its share of the Stetson house.

C. Proof.

James Ripley Esq. The Plaintiff called attorney James Ripley as a witness. Mr Ripley was appointed as a receiver for property involved in the case in July, 2014.He is still the receiver.

1

Case 3:18-ap-03008-SHB    Doc 34    Filed 11/08/19    Entered 11/08/19 17:05:34    Desc
Main Document    Page 8 of 19

Case 3:18-ap-03008-SHB    Doc 28-1    Filed 10/16/19    Entered 10/16/19 13:49:52    Desc
Exhibit 1 Final Decree Jefferson County    Page 5 of 7

Inc. Is seeking the return of its share of the Stetson house.

C. Proof.

James Ripley Esq. The Plaintiff called attorney James Ripley as a witness. Mr Ripley was appointed as a receiver for property involved in the case in July, 2014. He is still the receiver.

Mr Ripley testified about his efforts in trying to maintain the property including electrical and plumbing problems. Ripley had money problems. He imposed a special assessment against the owners of the property. The assessment was $10,000 against each owner. He testified that the Rooneys(Later identified) than paid eleven Thousand Dollars in an attempt to stabilize the property. Allen Hood did not pay anything.

Mr Ripley further stated that the Rooneys paid past due taxes on the property to prevent a sale at a tax sale already scheduled.

Mr Ripley is of the opinion that the property should be sole rather than operated as a rental property. He states the HVAC system has to b replaced. There is also the queston of homeowners due in the multi thousand of dollars range. He also mentioned some worry about the nearness of the lake to the rear of the house as it pertains to children. His testimony is a valuable picture of the current state of the property.

Arthur Redvrs Rooney.

Mr Rooney testified that he is a resident of England, He is however somewhat of a world traveler having lived in the Adrican Caribbean.

He is the sole owner of Abbacas Holdings Limited. In He and his son John Rooney owned Just Florida Limited. This company was involve in marketing Florida property to residents of England and Ireland. Allen hood and Arthur Rooney met and became friends. On April 5, 2005

2

Case 3:18-ap-03008-SHB   Doc 34   Filed 11/08/19   Entered 11/08/19 17:05:34   Desc
Main Document     Page 9 of 19

Case 3:18-ap-03008-SHB   Doc 28-1   Filed 10/16/19   Entered 10/16/19 13:49:52   Desc
Exhibit 1 Final Decree Jefferson County    Page 6 of 7

Allen Hood and a company named Just Tennessee LTD enter an agreement under which Just Tennessee Ltd would market lots located in Tennessee to the residents of England. The lots were sold for a total sales price of $12,484,062. Mr Rooney while being paid some commissions testified he did not receive commissions to which he was entitled in the amount of $1,747,725. He is seeking this amount less adjustments from Allen Hood.

One of the houses built was a multi story house known as the lake house. Another agreement reached between Arthur and Hood was to furnish the lake house for the sum of $120,344 of which one half was to be paid by Arthur by deduction from commissions due to him and the other half by Hood. Hood was to obtain and furnish copies of invoices to Arthur but they never materialized.

There have been some problems with the actual construction of some f the houses. Also some problems with water availability and electoral installation.

Arthur and Hood formed a company named Destiny Inc. For the sole purpose of ownership of the lake house. Arthur and Hood each owned a 50% in the lake house. Arthur testified that his ownership interest and his part of the furnishings was to be paid by deductions of commissions due.

As time went by other developments occurred. Arthur learned that the title to the lake house had been transferred without his knowledge or consent to a entity named Lake Casa Ltd. At this time Arthur still owned a 50% interest in the lake house. The property was than transferred again to Hood and a friend. In earlier proceedings in this case the court ordered the lake house returned to Destiny Inc. where it remains today.

Allen Hood.

Mr Hood participated in the trial to some extent. However the master was not impressed With the majority of his testimony. He did not have a believable reason why land was transferred

3

without the co-owners knowledge or consent. He did not have a reason as to why no documentation was available on $60,000 worth of furniture and other furnishings. He kept evading questions concerning commissions paid or unpaid by constant references to documents either not in the courtroom or the record. I therefore did not give much weight to his testimony.

D. Conclusion. The master concludes that Abbacus Holdings is now in a protected status with the return of the lake house to the original owners.

The master further finds that ~~Destiny Of Tennessee LLC~~ ABBACUS HOLDINGS LLC *JHF* is entitled to recover the sum of $1,747,725 for unpaid commissions less $120,000 for the purchase of the lake house and the furniture for a total recovery of $1,627,725.

_____
John H. Fowler
Special Master
7700 Gleason Road, Apt 8B
Knoxville, Tn 37919
680-2046

Certificate of service

The undersigned hereby certifies he delivered a copy of the above report to Doug Taylor and mailed a copy to Allen Hood on November 4, 2016 *and hand delivered a copy to James Ridley and Gary Logue*

4

IN THE CHANCERY COURT FOR JEFFERSON COUNTY,
AT DANDRIDGE, TENNESSEE

THE DOUGLAS LAKE RESORT
OWNER'S ASSOCIATION, INC.

    Plaintiff

VS.                                                  CASE NUMBER 12-CV-117

DESTINY OF TENNESSEE, LLC f/k/a
DESTINY, INC., LAKE CASA LIMITED
PARTNERSHIP, ABBACUS HOLDINGS,
LTD [SIC], ET AL

    Defendants

DESTINY OF TENNESSEE, LLC f/k/a
DESTINY, INC., LAKE CASA LIMITED
PARTNERSHIP,

    Cross Defendants

ALLEN L. HOOD

    Third Party Defendant.

## AFFIDAVIT OF ARTHUR ROONEY

I, **Arthur Rooney**, after having been duly sworn according to law, state as follows:

1. I am over the age of eighteen (18), and competent to testify.

2. I am named as a Defendant in this matter, but I have not been served.

3. I am the owner, officer and majority shareholder in Abbacas (Antigua Holdings), Ltd., and I am a citizen and resident of the United Kingdom.

4. The Cross/Third Party Plaintiff, Abbacas, is an active business entity formed and


EXHIBIT B

Page 1 of 9

registered in Antigua and Barbuda, with a principal place of business located in the United Kingdom.

5. The Cross Defendant, Destiny Of Tennessee, LLC, is an inactive Tennessee limited liability company.

6. The Cross Defendant, Destiny, Inc., is an inactive - merged or converted Tennessee for profit corporation, which was converted to the above Defendant, Destiny Of Tennessee, LLC, on or about the 8th day of April, 2008, by Allen L. Hood.

4. The Cross Defendant, Lake Casa Limited Partnership, an active South Dakota limited partnership, whose sole general partner is the Third Party Defendant, Allen L. Hood.

5. Incredi-Builders, LLC, Control Number: 429959, was formed on the 11th day of July, 2002, principal address Suite 159, 236 E Main Street, Sevierville, Tennessee 37862, with two members, and terminated by Articles of Dissolution on the 21st day of March, 2003.

6. Incredi-Builders, Inc., Control Number: 443980, was formed on the 21st day of March, 2003, at the same principal address as above, registered agent being Allen Hood, same address, and administratively dissolved on the 17th day of September, 2004.

7. Incred-I-Builders, LLC, Control Number: 447329, was formed on the 22nd day of May, 2003, principal address of 504 Grace Avenue, Sevierville, Tennessee 37862, registered agent being Allen Hood, Suite 159, 236 E Main Street, Sevierville, Tennessee 37862, with two members, and administratively dissolved on the 8th day of August, 2010, status changed to revenue revocation on the 6th day of October, 2010.

8. Abbacas is or was a fifty (50%) percent shareholder in the Defendant, Destiny, Inc., which is or was the proper owner of the property known as Lot 5 of Douglas Lake Resort, the property at issue here, and in order for Destiny, Inc., which was converted to Destiny of Tennessee, LLC, to transfer or mortgage the property the approval and signature of Abbacas would be required.

9. Any sale or encumbrance of the subject property would require the signatures of all owners/shareholders of Destiny of Tennessee, LLC, successor by conversion to Destiny, Inc. 10. Abbacas, a Fifty (50%) percent owner in Destiny, Inc., did not have knowledge of, notice of, participate in or otherwise acknowledge, agree to or authorize any of the actions purportedly taken on behalf of Destiny, Inc., as required by law and/or the governing documents of Destiny, Inc.

11. Abbacas (Antigua Holdings), Ltd., is an active business entity formed and registered in Antigua and Barbuda, with a principal place of business located in the United Kingdom, and I am the owner, officer and majority shareholder.

12. Defendant Hood entered into an "Agreement" with me, ". . . or other parties as designated by Rooney . . ." that is, Abbacas, which Agreement contained the address of Mr. Rooney contrary to Hood's sworn statement otherwise, on the 5th day of April, 2005, and. David Rooney was not a party to said Agreement.

13. Defendant Hood asked Abbacas to also sell improved properties at the Glades but no sales were ever completed and the project was taken over by Sevier County Bank.

Page 3 of 9

14. A one-half ownership interest in the subject property was to be represented by issuance of a stock certificate in Destiny, Inc., to Abbacas, which certificate was signed by Defendant Hood.

15. It was agreed by the myself and Hood that any remodeling costs, furniture costs, and fitting costs carried out by Hood would be at cost and supported by invoices.

16. No invoices were ever supplied by Hood or his business interests to me, Abbacas or its agent.

17. The Abbacas investment in the property was to be paid to Hood from the commissions due on the sales of properties and the furnishing of cabins sold by Abbacas at Summit View.

18. It was agreed that a one-half ownership interest in the subject property would be represented by a stock certificate issued to Abbacas, which was issued by Hood.

19. It was agreed that the payment for the one-half interest in the subject property on behalf of Abbacas was to be deducted from the commissions due to Abbacas on the sales of cabins and furnishings of properties at the Summit View development.

19. Hood retained funds, including commissions payable to Abbacas over and above those funds which represented the one-half purchase price paid by Abbacas from the commissions.

20. Hood never provided any details or invoices supporting the costs of the remodeling of the subject property, as the parties agreed.

21. Abbacas did not approve, and was not given the opportunity to approve, any work which Hood claims was performed, as had been agreed to by the parties.

22. In that Abbacas was not being paid the commissions due to Abbacas, pursuant to the our agreement, Hood agreed that Abbacas would retain deposit payments and furniture payments to be offset against the commission payments due from Hood to Abbacas.

23. The Deal Sheets from the sales of properties demonstrate that funds deducted from the commissions due were never paid to Abbacas as agreed.

24. Hood failed to provide any details despite the fact that Hood agreed to provide to Abbacas statements with supporting documents/invoices.

25. Additionally, real estate taxes were unpaid, and no proof of any insurance, to which Abbacas was properly entitled to as a one-half owner, has ever been provided by Hood.

26. Hood has rented the subject property and failed to provide Abbacas with any accounting or payment.

27. Hood has not provided any accounting records as to costs of utilities.

28. Abbacas never suggested, "insisted" or approved the conversion of Destiny, Inc., into an LLC or any other entity in which Abbacas or its agents had no interest.

29. The conversion of Destiny, Inc., to Destiny of Tennessee, LLC, was completed by Hood without the agreement of Abbacas or its agents.

30. The funds due from Abbacas were deducted from the commissions payable to Abbacas, and Hood retained and did not pay to Abbacas the funds due to Abbacas.

31. With the completion of the construction and sale of the properties in Summit View, Abbacas ceased marketing the properties in the development.

32. Hood failed to pay Abbacas the funds due to Abbacas and Hood failed to complete improvements as he had agreed.

33. Abbacas was unaware that Defendant Hood had conveyed the subject property from Destiny of Tennessee, LLC, to the South Dakota formed Lake Casa partnership.

34. The amount now claimed by Hood is approximately Three Hundred Thousand ($300,000.00) Dollars more than the purchase price of the subject property.

35. Hood personally signed a stock certificate in Destiny, Inc., issued to Abbacas Holdings, LTD, on the 1st day of June, 2007.

36. Abbacas never agreed to or directed the conversion of Destiny, Inc., to Destiny of Tennessee, LLC.

37. Abbacas paid its investment as a shareholder of Destiny, Inc.

38. Hood is aware of the fact that said investment funds were deducted from fees owed by Hood in connection with the sale of properties in the Summit View development.

39. The conversion of Destiny, Inc., to Destiny of Tennessee, LLC, was done without the knowledge, consent or agreement of me, Abbacas or its agent.

40. The transfer of the property known as Lot 5, Douglas Lake, from Destiny of Tennessee to Lake Casa, LP was performed by Hood without the knowledge, consent or agreement of Abbacas or its agent.

41. Abbacas has performed its duties and responsibilities pursuant to the "Agreement", and Defendant Hood has breached said contract.

42. The marketing agreement was a net pricing agreement wherein Abbacas, the designated entity, was entitled to the surplus above the pricing agreed to by Hood.

43. The infrastructure completion provision of the agreement was breached by Hood.

44. According to the Deal Sheets provided to Abbacas by Hood, after deducting the funds due to Hood from the expenses on the subject property, Hood owes Abbacas Nine Hundred Fifty-Seven Thousand, Seven Hundred Eighty Three ($957,783.00) Dollars, plus the Lot 7 Bonus, furniture commissions, lot referral fee, and remaining commissions on sales bringing the balance owed to Abbacas from Hood to One Million, Seven Hundred Forty-Seven Thousand, Seven Hundred Twenty-Five ($1,747,725) Dollars.

45. The rental value of the subject property, retained by Hood is approximately between One Hundred Fifty Thousand to Two Hundred Thousand ($150,000.00 - $200,000.00) Dollars, part or all of which is payable to Abbacas.

46. None of the actions taken by Hood in converting or merging Destiny, Inc., into Destiny Of Tennessee, LLC, was ever properly or lawfully authorized, and no transfer of the subject property was properly or lawfully authorized.

47. None of the actions taken by Hood in conveying the subject property to or through Destiny, Inc., converted or merged into Destiny Of Tennessee, LLC, were ever properly or lawfully authorized, and no transfer of the subject property was properly or lawfully

authorized.

48. Lake Casa does not hold any valid interest in the subject property, and the property should be awarded to the true and lawful owner of the property which is or was Destiny, Inc., and more properly its remaining shareholder, Abbacas.

49. Abbacas, is or was a one-half (½) or Fifty (50%) percent shareholder of Destiny, Inc., and therefore, should own no less than a one-half (½) or Fifty (50%) percent interest in Destiny of Tennessee, LLC.

50. However, Abbacus is the sole remaining shareholder in what was Destiny, Inc., and should be conveyed full title to the entire interest in the subject property.

51. Allen L. Hood was engaged in a business relationship with Abbacas, and entered into a contract with Abbacas for the sale of certain improved real property in Tennessee.

52. Abbacas performed its duties under the contract with Hood and Allen L. Hood, breached his contract with Abbacas and the resulting damages are One Million, Nine Hundred Forty-Seven Thousand, Seven Hundred Twenty-Five ($1,947,725) Dollars.

53. I believe that Allen L. Hood, also operating as Destiny, Inc. and Destiny of Tennessee, LLC, and Lake Casa, conspired and took actions to improperly and unlawfully divest Abbacas of its interest in the subject property, and has made income from said property without properly paying Abbacas.

54. Hood was never authorized to accept process for or otherwise act on behalf of any party to this matter, not to the lawful owner of said property, Destiny, Inc. or more

properly, Abbacas.

55. None of the actions taken by Hood in converting or merging Destiny, Inc., into Destiny Of Tennessee, LLC, were ever properly or lawfully authorized, and no transfer of the subject property was properly or lawfully authorized.

56. The alleged ownership interest of Lake Casa was obtained without the necessary consent of Abbacas, as was the conversion of the true and lawful owner of the subject property, Destiny, Inc., into Destiny Of Tennessee, LLC, none of which is valid and should be reversed by the Court.

57. Title to the subject property should be returned to the proper and lawful owner, Destiny Inc. or more properly, Abbacas.

Further the Affiant saith not:

BY: _____
ARTHUR ROONEY

Sworn to and subscribed to before me
this the 31st day of January, 2014.

_____
Notary Public
My Commission Expires: OCTOBER 31, 2014

IAN ANTHONY DONOVAN MARTIN
MADELEY HOUSE, ANDERTONS MILL,
HESKIN, LANCASHIRE PR7 5PY,
UNITED KINGDOM

PROTOCOL NO. 67-ND141338



Page 9 of 9